LEOLA A. STEARNS *vs.* THEODORE RITCHIE ET AL.

Penobscot.      Opinion November 8, 1929.

*Mayo & Snare,* for plaintiff.
*James D. Maxwell,*
*Ross St. Germain,* for defendant.

SITTING: DEASY, C. J., DUNN, BARNES, PATTANGALL, JJ.

PATTANGALL, J.  On defendants' exceptions.  Action on bond given to obtain supersedeas upon petition for review of bastardy proceeding.

The plaintiff instituted bastardy proceedings against the defendant Ritchie, who gave bond for $800 for his appearance at the May term, 1926 of the Penobscot County Superior Court and to abide the order of the court.  The case was entered at the May term, the defendant entering his appearance, and was continued from term to term until on December 8, 1927 defendant was defaulted, decree of affiliation filed, and defendant ordered to pay $477 for plaintiff's expenses and $35 costs, judgment being entered therefor, also to pay $3.50 per week for the support of the child, and to give bond of $1,000 to perform the order.  On the same day *capias* issued and on December 27 defendant was committed to jail.

On January 17, 1928, defendant brought a petition for review of the decree in the bastardy proceeding returnable at the April term of the Supreme Judicial Court and filed a bond, approved by the Justice to whom the petition was presented, with the National Surety Company as surety in the sum of $1,135 conditioned upon the payment of the judgment in the bastardy proceeding if the petition for review was denied or the amount of the final judgment on review if the petition was granted.  Supersedeas was issued.

The defendant was not liberated by virtue of the supersedeas but on July 12, 1928 by taking the poor debtor oath as provided by statute. The petition for review had meanwhile been denied at the April term.

This action was brought July 3, 1928 and was heard by the presiding Justice without the intervention of a jury with right of exception in matters of law reserved.

On December 8, 1928 judgment was entered for the penal sum of the bond, damages assessed at $734.66, execution to issue for the latter amount. Defendants' exceptions relate to the exclusion of certain evidence, to rulings of the presiding Justice on questions of law, and to the findings and judgment of the Court, including the assessment of damages.

In support of the exceptions, defendants rely upon the following propositions:

(1) That a bastardy proceeding is not a civil action within the meaning of the statute relating to review.

(2) That review not being authorized in bastardy proceedings, the bond given in this case is wholly void and not enforcible even as a common law obligation — because no consideration.

(3) If review is authorized in bastardy proceedings, the bond sued on does not comply with the statute.

(4) At best the bond is good only as a common law obligation, and subject to be chancered, and only such damages assessed as are equitably due plaintiff.

(5) Whether the bond is a statute or common law obligation, want of consideration and mitigation of damages may be shown under the pleadings.

(6) That judgment was ordered and damages assessed improperly.

It is provided in Sec. 1, Chap. 94, R. S. 1916, that review in civil actions may be granted by any Justice of the Supreme Judicial Court and specifically provided in Paragraph VII of that section that "a review may be granted in any case" provided that certain conditions exist.

The words "any case" are limited by the words "civil actions." A bastardy complaint is a civil action. *Hodge* v. *Sawyer*, 85 Me., 287, and cases cited. In *Priest* v. *Soule*, 70 Me., 414, a defendant

in bastardy brought error to reverse a judgment recovered against him by default. The court denied the writ saying "His remedy after judgment thus entered upon his default, if the same was suffered inadvertently when he had a good defense, is by petition for review."

The earlier view of our court was otherwise. The question was discussed in *Gowen's Case*, 4 Me., 58 (1821). The opinion gives the views of all of the members of the court on this point, although it was not directly in issue. Weston, J., said, "Whether that court (Court of Common Pleas) has jurisdiction to order a re-examination of the facts in issue in a prosecution under the act for the maintenance of bastard children, from the view I have taken of the application before the court, I do not deem it necessary to give an opinion." Preble, J., "expressed some doubt whether the statutes authorizing reviews and new trials in certain cases could be construed to extend to prosecutions under the statute for the maintenance of bastard children." Mellen, C. J., "The statute of Massachusetts and of this state giving power to the Supreme Judicial Court to grant review in civil actions never embraced prosecutions for the maintenance of bastard children and constant usage and construction confirm this." Early cases in Vermont were in accord with the statement of the Chief Justice. *Robinson v. Dana*, 16 Vt., 475; *Sweet v. Sherman*, 21 Vt., 23.

The statute then in force in this state authorized the granting of reviews "in all civil actions" but did not specifically include complaints under the bastardy act.

In 1840 the legislature, doubtless influenced by the view of the law expressed in *Gowen's Case*, supra, amended the statute by adding the words "including also prosecutions for maintenance of bastard children." Sec. 1, Chap. 123, R. S. 1840.

The Revision of 1857, Sec. 1, Chap. 89, authorized "one review in civil actions," and did not specifically mention complaints in bastardy. But in the meantime, this court in *Eaton v. Elliott*, 28 Me., 436, had distinctly and definitely decided that such complaints were included in the term "civil actions." And in *Robinson v. Swett*, 26 Me., 378, the opinion declared, "A bastardy prosecution is a civil case." In *Murray v. Joyce*, 44 Me., 348, "In this state also such proceedings have by judicial discretion been held

to fall within the provisions of statutes relating to civil suits," citing *Eaton* v. *Elliott*, supra; *Mahoney* v. *Crowley*, 36 Me., 486; *Smith* v. *Lint*, 37 Me., 546. The opinion adds, "In view of these decisions, it is to be presumed that the legislature intended to include in the language used by it all such cases as had before been determined by this court to fall within the meaning of the terms they employed." *Priest* v. *Soule*, supra, was decided in 1879, the Court, at that time, apparently taking the view that the revision of 1857 was not intended to make any change in the 1840 statute but that the new wording of the law was adopted for the purpose of simplifying the language of the old statute and avoiding unnecessary repetition.

No change affecting the point appears in our statutes since 1857, nor has the question directly in issue been discussed in any opinion since *Priest* v. *Soule*, supra, although *Hodge* v. *Sawyer*, supra, and *Eaton* v. *Eaton*, 112 Me., 106, affirm the proposition that proceedings in bastardy are civil actions.

In view of the preceding, we have no hesitation in deciding that, under our present statute, review will lie in bastardy proceedings. This finding necessarily disposes of the second point raised by the defendants.

Sec. 5, Chap. 94, R. S., 1916, provides that

"On presentation of a petition for review, any Justice of said court may in term time, or in vacation, stay execution on the judgment complained of, or grant a supersedeas, upon a bond filed with sureties approved by him, or by such person as he appoints, in double the amount of the damages and costs, conditioned to pay said amount if the petition is denied, or the amount of the final judgment on review, if it is granted, with interest thereon at the rate of twelve per cent from the date of the bond to the time of final judgment."

The bond filed in this case contained this provision:

"Now, therefore, if the above bounden parties, or either of them, or his or their legal representatives, shall pay the amount of the said judgment, debt and costs in case his said petition is denied, or the amount of the final judgment, if any, against him on review, if the same is granted, with interest

thereon at the rate of twelve per cent from the date hereof to the time of final judgment, then this obligation shall be void, otherwise shall remain in full force and effect."

Plaintiff complains that the bond does not comply with the statute in that the provision "to pay said amount" in the statute refers to "damages and costs," whereas the bond recites that defendant is bound, in case the petition is denied, to pay the amount of "judgment, debt and costs" and cites authority that "damages" and "judgment" are not synonymous terms.

But damages here, as is usually the case before review is sought, had been reduced to judgment. Thus the terms became identical and the words "debt and costs" are certainly equivalent to "damages and costs." The ruling that the bond was a good statute bond was correct.

Defendants have no cause to complain of that ruling. The bond was filed by them as a basis for procuring supersedeas which issued and by virtue of which they were granted a hearing in review. Now that review has been denied, the law should not be unduly strained to enable them to successfully attack the validity of the instrument upon which they based their whole proceeding. The exercise of good faith toward the court to which the bond was presented and upon which it acted at defendants' request negatives the suggestion.

Defendant offered certain evidence for the purpose of showing that the bond was given without consideration. This evidence was properly excluded. *VanValkenburg* v. *Smith*, 60 Me., 97.

Judgment in the penal sum of the bond was rightfully ordered. *Goding* v. *Beckwith*, 116 Me., 396. But execution was limited to the amount of damage which had accrued at time of judgment, the judgment standing as security for future damages, to be recovered in *scire facias*. *Corson* v. *Dunlay*, 83 Me., 32.

*Exceptions overruled.*